**JONATHAN A. STIEGLITZ**
(SBN 278028)
**THE LAW OFFICES OF**
**JONATHAN A. STIEGLITZ**
**11845 W. Olympic Blvd., Ste. 800**
**Los Angeles, California 90064**
**Tel: (323) 979-2063**
**Fax: (323) 488-6748**
Email: jonathan.a.stieglitz@gmail.com

**Yitzchak Zelman, Esq.,**
**MARCUS & ZELMAN, LLC**
**701 Cookman Avenue, Suite 300**
**Asbury Park, New Jersey 07712**
**Tel:     (732) 695-3282**
**Fax: (732) 298-6256**
Email: yzelman@marcuszelman.com
**Attorneys for Plaintiff**
*Pro Hac Vice Motion To Be Filed*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ALEXANDER MORGAN,** | Civil Case No.: |
| Plaintiff | **CIVIL ACTION** |
| -against- | **COMPLAINT**<br>and<br>**JURY TRIAL DEMAND** |
| **EXPERIAN INFORMATION SOLUTIONS, INC. and EXETER FINANCE, LLC,** | |
| Defendants | |

- 1 -
CLASS ACTION COMPLAINT

## INTRODUCTION

1. Plaintiff, ALEXANDER MORGAN, brings this action under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (the "FCRA") alleging Defendant EXETER FINANCE, LLC ("Exeter") has been negligently, recklessly and knowingly reporting false information regarding the Plaintiff to the national credit reporting agencies.

2. Plaintiff further alleges that Defendant EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian") has negligently and recklessly disseminated false information regarding the Plaintiff's credit.

3. Plaintiff further alleges that Experian failed to follow reasonable procedures to ensure maximum accuracy of credit reports they prepared concerning Plaintiff and failed to investigate credit report inaccuracies in response to Plaintiff's disputes.

4. Plaintiff seeks statutory, actual, and punitive damages, along with injunctive and declaratory relief, and attorneys' fees and costs.

## JURISDICTION

5. The Court has jurisdiction of this matter under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p. All defendants regularly conduct business within the state of Florida and violated Plaintiffs rights under the FCRA in the state of Florida as alleged more fully below.

6. Venue is proper in this district under 28 U.S.C. 1391(b) because Plaintiff resides in this district, Defendants conduct business in this district, and communications giving rise to this action occurred in this district.

## PARTIES

7. Plaintiff, Alexander Morgan ("Plaintiff"), is a resident of Riverside County in the State of California and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

8. Defendant Experian Information Solutions, Inc. (hereinafter referred to as "Experian"), is one of the largest credit reporting agencies in the United States and is engaged in the business of assembling and disseminating credit reports concerning hundreds of millions of consumers. Experian is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA, and is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d)(1) of the FCRA, to third parties.

9. Experian's principal place of business is located in Costa Mesa, California and its registered agent, CT Corporation, is located at 1200 Pine Island Road, Plantation, Florida 33324.

10. Defendant Exeter Finance, LLC (hereinafter referred to as "Exeter"), is an automobile finance company with its registered agent, Corporation Service Company located at 211 East 7th Street, Suite 620, Austin, Texas 78701.

## FACTUAL ALLEGATIONS

11. Sometime prior to May 2020, Plaintiff had incurred debt to Exeter on an automobile loan.

12. Recently, Plaintiff noticed the Exeter loan being reported on his Experian credit report. Believing that the reporting dates on his Experian report were inaccurate, Plaintiff disputed the same with Experian.

13. Upon receipt of the dispute, Experian notified Exeter of the same.

14. Shortly thereafter, Experian and Exeter changed the "Date of Status" on Plaintiff's credit report from scheduled to go to a positive status by Feb 2026, to scheduled to go to a positive status by Jan 2027.

15. The "Date of Status" field is intended to reflect to prospective viewers of consumer background reports the date when the account became uncollectible and was charged off.

16. Pursuant to the FCRA, a furnisher and credit reporting agency can only report a delinquent account for approximately seven years from the original delinquency date; in this case around February of 2026.

17. As such, Defendants knew that the account can only be reported negatively until around February of 2026; and stating that the account is scheduled to go to a positive status by January 2027, was clearly inaccurate.

18. This date should reflect a static date that should never change, and by re-aging the Exeter account in a misleading fashion, Defendants Experian and Exeter adversely affected credit decisions by prospective lenders. Moreover, the re-aging of the account and manipulation of the dates misrepresented the account to potential creditors, as it indicated that if a delinquency occurred, it occurred more recently than it actually did. Therefore, the re-aging of the account and manipulation of the dates artificially lowered Plaintiff's credit scores, as the appearance of a more recent delinquency weighs against Plaintiff's credit standing more severely than if the account was being reported accurately.

19. At all times pertinent hereto, Experian's conduct was willful, and carried out in reckless disregard for a consumer's rights as set forth under section 1681s and 1681i of the FCRA.

20. At all times pertinent hereto, Exeter's conduct was similarly willful, and carried out in reckless disregard for a consumer's rights as set forth under section 1681s and 1681i of the FCRA.

21. As a direct and proximate result, the Defendants' willful and/or negligent refusal to conduct a reasonable investigation as mandated by the FCRA, Plaintiff has been harmed in his daily life. For example, Plaintiff's credit score was negatively impacted, and it has been more difficult to obtain credit.

22. As a direct and proximate result of Experian failing to ensure maximum possible accuracy, Plaintiff has been harmed.

# COUNT I

## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

### 15 U.S.C. § 1681i

### AGAINST EXPERIAN

23. All preceding paragraphs are realleged.

24. At all times pertinent hereto, Experian was a "consumer reporting agency" ("CRA") as that term is defined by 15 U.S.C. § 1681a(c).

25. The FCRA provides that if a CRA conducts an investigation of disputed information and confirms that the information is, in fact, inaccurate, or is unable to verify the accuracy of the disputed information, the CRA is required to delete that information from the consumer's file. *See* 15 U.S.C. § 1681i(a)(5)(A).

26. On multiple occasions, Plaintiff initiated disputes with Experian requesting that they correct specific items in his credit file that are patently inaccurate and damaging to him.

27. Experian, having either conducted no investigation or failing to conduct a reasonable investigation, verified the inaccurate items on his credit file, something that any basic investigation would have prevented.

28. As a direct and proximate result of Experian's willful and/or negligent refusal to conduct a reasonable investigation as mandated by the FCRA, Plaintiff has been harmed, as explained above.

# COUNT II

## FAILURE TO INVESTIGATE DISPUTE

### FCRA, 15 USC § 1681s-2(b)

### AGAINST EXETER FINANCE, LLC

29. All preceding paragraphs are re-alleged.

30. Furnishers of credit information have a duty under the FCRA to investigate

disputes from consumers as to the accuracy of information being reported.

31. On multiple occasions, Plaintiff submitted a written dispute to the credit bureau Experian disputing the accuracy of the accounts being reported by Exeter.

32. Exeter was obligated, pursuant to section 1681s-2(b) of the FCRA to conduct a complete and thorough investigation with respect to Plaintiff's dispute.

33. Exeter failed to reasonably investigate Plaintiff's dispute, because had they done a proper and reasonable investigation, they would have corrected the inaccurate information.

34. Exeter's conduct violated section 1681s-2(b) of the FCRA.

## COUNT III
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681e(b)
## AGAINST EXPERIAN

35. All preceding paragraphs are realleged.

36. The FCRA provides that a CRA must have adequate policies and procedures in place to ensure maximum possible accuracy. See 15 U.S.C. § 1681e(b).

37. By stating that a tradeline will continue to report a negative status through January 2027, Experian violated 15 U.S.C. § 1681e(b).

38. As a direct and proximate result of Experian's conduct, Plaintiff has been harmed, as explained above.

## DEMAND FOR TRIAL BY JURY

39. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

# PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demand judgment against Defendants as follows:

    (a)    Awarding Plaintiff actual damages;

    (b)    Awarding Plaintiff statutory damages;

    (c)    Awarding Plaintiff punitive damages;

    (d)    Awarding Plaintiff the costs of this action and reasonable attorneys' fees and expenses;

    (e)    Awarding pre-judgment interest and post-judgment interest;

    (f)    A declaration that Defendants' conduct alleged herein is unlawful, as set forth more fully above;

    (g)    Equitable relief, enjoining Defendants from engaging in the unjust and unlawful conduct alleged herein; and

    (h)    Awarding Plaintiff such other and further relief as this Court may deem just and proper.

Dated: July 7, 2020

/s/ Jonathan A. Stieglitz
JONATHAN A. STIEGLITZ
(SBN 278028)
jonathan.a.stieglitz@gmail.com
THE LAW OFFICES OF
JONATHAN A. STIEGLITZ
11845 W. Olympic Blvd., Ste. 800
Los Angeles, California 90064
Telephone: (323) 979-2063
Facsimile: (323) 488-6748

**PRO HAC VICE MOTION TO BE FILED**
Yitzchak Zelman, Esq.
Marcus & Zelman, LLC
701 Cookman Avenue, Suite 300
Asbury Park, NJ 07712

| | |
|---|---|
| Office: | (732) 695-3282 |
| Fax: | (732) 298-6256 |
| Email: | yzelman@MarcusZelman.com |